IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY D. BRIGGS-MUHAMMAD,

                     Plaintiff,                          ORDER

v.

                                                      14-cv-175-wmc

TONY EDBERG, MONICA MOEN and
JOHN and JANE DOES 1 thru 5,

                     Defendants.

---

In response to this court's March 11, 2014, order, plaintiff Terry D. Briggs-Muhammad has submitted an amended financial affidavit so that I can determine whether he qualifies for indigent status in support of his request for leave to proceed without prepayment of the filing fee. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3,700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

From plaintiff's affidavit of indigency, I find that he and his spouse have a combined monthly income of $2,901 or an annual income of $34,812. Deducting $7,400 for plaintiff's two dependents, his adjusted annual income is $27,412. Plaintiff has no substantial debts or assets that require consideration. Because plaintiff's income falls in the $16,000 to $32,000 range, he must prepay half of the $350 fee for filing this case.

Once payment has been received, the court will review the merits of plaintiff's complaint to determine whether one or more claims must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff is seeking money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff Terry Briggs-Muhammad is to pay $175 of the $350 filing fee as a condition of proceeding in this action without prepayment of the filing fee not later than April 21, 2014. If, by April 21, 2014, plaintiff fails to make the required payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 30th day of March, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge